UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ANGELY CORCINO,

    Plaintiff,

v.                                      Case No.

WORKSCAPES, INC.,
A Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants WORKSCAPES, INC. ("Workscapes") and RICHARD J. DVORAK ("Dvorak") (collectively "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove to the United States District Court for the Southern District of Florida the state court action described below. As grounds for removal, Workscapes and Dvorak state as follows:

1. This case was commenced by Plaintiff, ANGELY CORCINO ("Plaintiff"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No: 2017-001808-CA-01. A true and correct copy of the Complaint filed in the state court is attached hereto as **Exhibit "A."** Plaintiff asserts claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA") and common law claims for breach of agreement, quantum meruit, and unjust enrichment.

2. Copies of the Summons and Complaint were served on the Defendants

4846-4936-2758.1

Workscapes and Dvorak on March 23, 2017.

3. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that this is a civil action arising under laws of the United States. Specifically, Plaintiff alleges claims under the Fair Labor Standards Act, otherwise codified as 29 U.S.C. §201, *et. seq*.

4. Pursuant to 28 U.S.C. § 1441(c), Plaintiff's additional claims of common law breach of agreement, quantum meruit, and unjust enrichment may be removed with the entire case, and the District Court may determine all issues therein.

5. This Court has supplemental jurisdiction over Plaintiff's state law common law claim of breach of agreement, quantum meruit, and unjust enrichment pursuant to 28 U.S.C. § 1367(a) as these claims are part of the same case or controversy alleged in the Plaintiff's FLSA claims.

6. Although Defendants dispute any liability to Plaintiff, Defendants expressly incorporate the allegations contained in the Complaint attached hereto as part of Exhibit A for the purpose of demonstrating the propriety of removal.

7. This Notice of Removal is timely because it is being filed within thirty (30) days after Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notice on Plaintiff of the filing of this Notice of Removal, and will serve and file Notice to State Court of Removal, a copy of which is attached as **Exhibit B**, and a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

9. As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state court process and pleadings to this Notice of Removal. *See* **Exhibit A**.

10. Defendants have not attempted to litigate this case in state court or taken any action that could be construed as a waiver of their right of removal.

11. By removing the above-captioned case to this Court, Defendants do not waive any of their available defenses. Defendants specifically reserve all of their available defenses.

12. Venue of the removed action lies in the United States District Court for the Southern District of Florida, because the state court action was filed and is pending in a place embraced within the United States District Court for the Southern District of Florida.

13. This Notice has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants pray that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated: April 12, 2017

Respectfully submitted,

*s/ Larry S. Perlman*
Larry S. Perlman (Florida Bar No. 91934)
lperlman@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower, Suite 1900
2 S. Biscayne Blvd.
Miami, Florida 33131
Tel. No.: 305-482-8400
Fax No.: 305-482-8600
*Attorneys for Defendants*

4846-4936-2758.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

*s/ Larry S. Perlman*
Larry S. Perlman

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
pmh@rgpattorneys.com
Tel. No.: (305) 416-5000
Facsimile: (305) 416-5005

*Attorney for Plaintiff*
Service by Electronic Filing generated by CM/ECF