# Exhibit A

Filing # 51576211 E-Filed 01/24/2017 04:20:36 PM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

---

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: ____________________
Judge: ____________________

Angely Corcino
Plaintiff
vs.
Workscapes, Inc., Richard J. Dvorak
Defendant

---

## II. TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III. REMEDIES SOUGHT** (check all that apply):

- ☒ Monetary;
- ☐ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

5

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**

- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

No

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Peter M Hoogerwoerd FL Bar No.: 188239
Attorney or party (Bar number, if attorney)

Peter M Hoogerwoerd 01/24/2017
(Type or print name) Date

Filing # 51576211 E-Filed 01/24/2017 04:20:36 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs. Case No.

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiff, ANGELY CORCINO ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, WORKSCAPES, INC. and RICHARD J. DVORAK ("Defendant(s)"), and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, WORKSCAPES, INC., is a Florida Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, RICHARD J. DVORAK, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, WORKSCAPES, INC.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.[1]

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt employee from on or about January 2, 2014 to on or about February 18, 2016.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

---

[1] Plaintiff has timely filed an EEOC Charge for Pregnancy Discrimination. The discrimination counts against defendant are not yet ripe.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13. Additionally, throughout Plaintiff's employment, she was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

14. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay overtime wages.

15. On or about March 26, 2013, Defendants terminated Plaintiff in retaliation for engaging the protected activity described above.

**COUNT I**
***Breach of Agreement against WORKSCAPES, INC.***

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

**COUNT II**
***Quantum Meruit against WORKSCAPES, INC.***

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

20. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

21. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

22. Defendants accepted Plaintiff's services to Defendants.

23. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT III**
***Unjust Enrichment against WORKSCAPES, INC.***

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

27. Defendants have knowledge of the services performed and provided by Plaintiff.

28. Defendants voluntarily accepted the services performed and provided by Plaintiff.

29. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Wage & Hour Federal Statutory Violation against WORKSCAPES, INC.*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

39. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**

***Wage & Hour Federal Statutory Violation against RICHARD J. DVORAK***

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

42. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, WORKSCAPES, INC.

43. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated January 24, 2017

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
**PETER MICHEL HOOGERWORD**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 52881109 E-Filed 02/23/2017 11:53:44 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs.

Case No. 2017-001808-CA-01

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.
_______________________________________/

**SUMMONS IN A CIVIL CASE**

**TO:** WORKSCAPES, INC. through its Registered Agent:

RICHARD J. DVORAK
1395 SW 22nd Street
Miami, FL 33145

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER MICHAEL HOOGERWOERD, ESQ
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_______________________________________

CLERK DATE

_______________________________________

(BY) DEPUTY CLERK

Filing # 52881109 E-Filed 02/23/2017 11:53:44 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs.

Case No. 2017-001808-CA-01

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.
_______________________________________/

**SUMMONS IN A CIVIL CASE**

**TO:** RICHARD J. DVORAK
1395 SW 22nd Street
Miami, FL 33145

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_______________________________________
CLERK DATE

_______________________________________
(BY) DEPUTY CLERK

Filing # 52881109 E-Filed 02/23/2017 11:53:44 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs.

Case No. 2017-001808-CA-01

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.
______________________________/

**SUMMONS IN A CIVIL CASE**

**TO:** WORKSCAPES, INC. through its Registered Agent:

RICHARD J. DVORAK
1395 SW 22nd Street
Miami, FL 33145

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER MICHAEL HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/27/2017

______________________________
CLERK DATE

309876
______________________________
(BY) DEPUTY CLERK

printing document Page 1 of 1

Filing # 52881109 E-Filed 02/23/2017 11:53:44 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs. Case No. 2017-001808-CA-01

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.
_______________________________________/

**SUMMONS IN A CIVIL CASE**

**TO:** RICHARD J. DVORAK
1395 SW 22nd Street
Miami, FL 33145

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/27/2017

_______________________________________
CLERK DATE

309876
_______________________________________
(BY) DEPUTY CLERK

Filing # 54235570 E-Filed 03/27/2017 12:02:06 PM

# RETURN OF SERVICE

**State of FLORIDA** **County of MIAMI-DADE** **Circuit Court**

Case Number: 2017-001808-CA-01

Plaintiff:
**ANGELY CORCINO**

vs.

Defendant:
**WORKSCAPES, INC., ET. AL.,**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 23rd day of March, 2017 at 9:52 am to be served on **RICHARD J. DVORAK, 1395 SW 22ND STREET, MIAMI, FL 33145.**

I, GREG SCHULTE, do hereby affirm that on the **23rd day of March, 2017 at 11:55 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **RICHARD J. DVORAK** at the address of: **1395 SW 22ND STREET, MIAMI, FL 33145** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
**CPS #245**

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2017003890

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6 5n

printing document Page 2 of 2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs. Case No. 2017-001808-CA-01

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.

DATE: 3/23 TIME: 1155A
INITIALS: GS ID #: 245

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

## SUMMONS IN A CIVIL CASE

TO: RICHARD J. DVORAK
1395 SW 22nd Street
Miami, FL 33145

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Peter M. Hoogerwoerd, Esq.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/27/2017

CLERK

309876

(BY) DEPUTY CLERK

DATE

YES NO

3890

Filing # 54235570 E-Filed 03/27/2017 12:02:06 PM

# RETURN OF SERVICE

State of FLORIDA | County of MIAMI-DADE | Circuit Court

Case Number: 2017-001808-CA-01

Plaintiff:
**ANGELY CORCINO**

vs.

Defendant:
**WORKSCAPES, INC., ET. AL.,**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 23rd day of March, 2017 at 9:52 am to be served on **WORKSCAPES, INC. THROUGH ITS REGISTERED AGENT, RICHARD J. DVORAK, 1395 SW 22ND STREET, MIAMI, FL 33145.**

I, GREG SCHULTE, do hereby affirm that on the **23rd day of March, 2017 at 11:55 am, I:**

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **RICHARD J. DVORAK as Registered Agent** At the address of: **1395 SW 22ND STREET, MIAMI, FL 33145** for **WORKSCAPES, INC. THROUGH ITS REGISTERED AGENT, RICHARD J. DVORAK,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2017003889

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Filing # 52881109 E-Filed 02/23/2017 1 14 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANGELY CORCINO,

Plaintiff,

vs.

Case No. 2017-001808-CA-01

WORKSCAPES, INC.,
a Florida Profit Corporation, and
RICHARD J. DVORAK, individually,

Defendants.

DATE: 3/23 TIME: 1155A
INITIALS: [illegible] ID #: 245

OJF SERVICES, INC.
954.929.4215

## SUMMONS IN A CIVIL CASE

TO: WORKSCAPES, INC. through its Registered Agent:

RICHARD J. DVORAK
1395 SW 22nd Street
Miami, FL 33145

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER MICHAEL HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/27/2017

CLERK DATE

309876

(BY) DEPUTY CLERK

CIRCUIT AND COUNTY COURTS MIAMI-DADE COUNTY, FLORIDA

YES NO

3889